**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DAMON ERIC JENKINS,

Petitioner,

v.

WARDEN OF SCI-PHOENIX,

Respondent.

CIVIL ACTION NO. 3:25-cv-01895

(SAPORITO, J.)

**ORDER**

Damon Eric Jenkins has filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The respondent has filed a motion to dismiss the petition. (Doc. 5). For the following reasons, the petition will be dismissed.

## I. BACKGROUND

At the time of the petition, which is dated September 24, 2025, Jenkins was incarcerated at SCI-Phoenix on a sentence imposed by the Court of Common Pleas of Lackawanna County. Jenkins was sentenced to three to six years' incarceration; according to the Pennsylvania Department of Corrections, his three-year minimum expired on December 12, 2025. *See* (Doc. 1-3); *Commonwealth v. Jenkins*, No. CP-35-CR-0000136-2022 (Lackawanna Cty. Ct. Com. Pl.).

On December 13, 2022, a detainer was lodged against Jenkins pursuant to a criminal case against him in the District Court of Maryland for Prince George's County. *See* (Docs. 1-9, 1-10). Jenkins alleges that this detainer jeopardized his eligibility for Pennsylvania's State Drug Treatment Program, completion of which would have "reduce[d his] incarceration time." *See* (Doc. 1-2). However, the most recent "Sentence Status Summary" attached to his petition indicates that he was scheduled to be released on December 12, 2025, the date of his minimum sentence. *See* (Doc. 1-10).

In his petition, Jenkins requested "revocation of the detainer . . . and dismissal with prejudice of [the Maryland case] attached to the detainer," as well as a "stay of extradition." *See* (Doc. 1 at 8). The Court ordered service of the petition, and the respondent has moved to dismiss it on the basis that "Respondent and his counsel, all of whom are associated with the Commonwealth of Pennsylvania, are not in a position to address actions, or the lack of them, by the State of Maryland." *See* (Doc. 5 at 2). Jenkins did not respond.

The Court's review of public records indicates that Jenkins has since been released from Pennsylvania Department of Corrections

custody and does not indicate that he was ever extradited to Maryland, nor that he is currently incarcerated in Maryland.[1]

## II. DISCUSSION

Jenkins's petition must be dismissed, because any relief requested is moot or cannot be granted under Section 2241. First, to the extent Jenkins sought to challenge any aspect of his incarceration under his Pennsylvania judgment and sentence, that relief is not available from a Section 2241 petition. *See Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001). Regardless, it appears that any such claim would be moot given that Jenkins is no longer "in custody" pursuant to that sentence. *See* 28 U.S.C. § 2254(a).

As for Jenkins's challenges to his Maryland criminal case, there is no basis to grant relief under Section 2241 because there is no evidence that Jenkins was ever "in custody" pursuant to the Maryland detainer. *See* 28 U.S.C. § 2241(c); *Green v. Apker*, 153 F. App'x 77, 79 (3d Cir. 2005)

---

[1] *See* Maryland Department of Corrections Inmate Locator, https://dpscs.maryland.gov/services/ii-locator.shtml (last accessed August 27, 2026); Pennsylvania Department of Corrections Inmate Locator, http://inmatelocator.cor.pa.gov (last accessed August 27, 2026); Pennsylvania SAVIN Search Form, https://www.vinelink.com (last accessed August 27, 2026) (indicating Jenkins's "general release" from Pennsylvania Department of Corrections custody).

("In order to invoke habeas corpus jurisdiction under § 2241, Green must demonstrate that he is 'in custody' pursuant to the detainer."). The fact that a Maryland detainer was active while he was incarcerated on the Pennsylvania sentence does not show that he was "in custody" pursuant to the detainer. *See*, *e.g.*, *Hoerner v. Pennsylvania*, No. 3:25-CV-1387, 2025 WL 2422032, at *2 (M.D. Pa. Aug. 21, 2025) (prisoner incarcerated in Maryland on a Maryland sentence was not "in custody pursuant to" a simultaneous Pennsylvania detainer). If he is currently in custody pursuant to the Maryland case, any habeas relief would have to be sought in the district where he is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'") (quoting 28 U.S.C. § 2241(a)).

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT** the respondent's motion to dismiss (Doc. 5) is **GRANTED**. The petition (Doc. 1) is **DISMISSED**, and the Clerk is **DIRECTED** to close this case.

Dated: August 28, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge